UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANNY FOSTER, )  )  Plaintiff, )  )  v. )  )  CORRECTIONAL LIEUTENANT )  JENKINS, *et al.*, )  )  Defendants. ) | Case No. 2:17-cv-02001-CLS-JHE |

**MEMORANDUM OPINION AND ORDER**

The magistrate judge filed a report and recommendation on January 17, 2020, recommending that the defendants' special reports be treated as a motion for summary judgment and further recommending that those motions be granted in part and denied in part. *See* doc. no. 58 (Magistrate Judge's Report & Recommendation). Defendant Gregoree Haywood ("Haywood")[1] filed a timely objection to the report and recommendation (doc. no. 59), to which the plaintiff filed a timely reply (doc. no. 61).

Defendant Haywood objects to the magistrate judge's finding that genuine issues of material fact remain regarding plaintiff's claim against Haywood for the failure to protect.[2] The plaintiff submitted a sworn statement that defendant Mohammad Jenkins (Correctional Lieutenant) instructed "CO [Correction Officer]

---

[1] Defendant Gregoree Haywood is identified as a Correctional Officer employed at William E. Donaldson Correctional Facility. Doc. no. 34-10.

[2] Doc. no. 59.

Haywood to get out of the room, because he needed no witnesses."[3] Defendant Haywood does not dispute the alleged assault occurred, but rather simply states that she has "no knowledge of the alleged assault."[4] Certainly, viewing the facts most favorable to the plaintiff, even though defendant Haywood may have left the room and did not witness the alleged assault, a reasonable inference could be drawn regarding her knowledge once she was asked to leave the room. Thus, nothing in defendant Haywood's statement precludes a finding that she failed to protect the plaintiff from an imminent assault by other officers. Defendant Haywood's objection is therefore overruled. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"); *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) ("[a]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the matter but to determine whether there is a genuine issue for trial" (citation omitted)).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation and

---

[3] Additionally, plaintiff states "[a]s she [Haywood] walked by me she [Haywood] gave me a funny look as if to say "you better get the hell outta here[.]" Doc. no. 45 at 4 (alteration supplied).

[4] Immediately following this statement is the phrase "(see attached)[,]" the court notes that the affidavit is one page and there is nothing attached. Doc. no. 34-10 (alteration supplied).

2

defendant Haywood's objection thereto, this court hereby **ADOPTS** the Magistrate's report, and his recommendations are **ACCEPTED**.

Further, for the reasons stated herein, and at greater length in the Magistrate Judge's Report and Recommendation, it is **ORDERED, ADJUDGED, and DECREED** that defendant Samuel Snelson's motion for summary judgment (doc. no. 41) be, and the same hereby is **GRANTED**, the plaintiff's claims against defendant Samuel Snelson (Correctional Officer) are **DISMISSED WITH PREJUDICE**.

The court further **ORDERS** that the remaining defendants' motion for summary judgment (doc. no. 34) be, and the same hereby is, **GRANTED** in part, the plaintiff's claims against defendants Lena Shepard (Correctional Lieutenant), Angela Miree (Warden), Lisa Bonner (Classification Supervisor), and Samuel Aaron (Correctional Sergeant) are **DISMISSED WITH PREJUDICE.**

Further, the motion (doc. no. 34) is **DENIED** in part, and the plaintiff's claims for excessive force against correctional officers Mohammed Jenkins, Christopher Young, Eddie Watts, Roderick Gadson, and Omar Parker, along with his claims for failure to intervene against correctional officers Eddie Watts, Omar Parker and Gregoree Haywood, all remain pending. These remaining claims are **REFERRED** to the magistrate judge for all further proceedings.

**DONE** and **ORDERED** this 11th day of February, 2020.

_____
Senior United States District Judge